UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PETER SILVER : C/a No. 1:03CR00021-015

: MOTION TO REDUCED IMPOSED SENTENCE PURSUANT TO U.S.C. § 3582(c)(2) BASED ON NOVEMBER 1st, 2007 RETROACTIVE AMENDMENT NO. 12 ADVISORY GUIDELINE SENTENCING UPON GRANTING UNDER BOOKER vs BOOKER, 543 U.S. 220 (S. Ct. 2007).

vs

UNITED STATES OF AMERICA : 18 U.S.C. § 3582(c)(2)

Respondent.

NOW COMES, the Movant, PETER SILVER, pro-se in a Motion to Reduce Amend, Correct, his previously imposed sentence, based upon the application of an Amendment to the United States Sentencing Guidelines, which became law on November 1st, and made retroactive to the movant on December 11, 2007 Amendment No. 12, which correct's and lowered the criminal history caculation for defendents previously convicted of certain prior charges, that was either consolidated for sentencing or only punishable by a term of imprisonment, or probation period of one(1) year or less. In this action, the movant is eligible for reduction at the complete discretion of the sentencing court and ask that his criminal history be corrected, amended, and his motion be granted.

U.S.S.G. § 1B1.10. ( REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINE RANGE ( POLICY STATEMENT )

(a) Where a defendent is serving a term of imprisonment, and the guideline range applicable to that defendent has been subsequently lowered as a result of an amendment to the Guidelines Manual listed in subsection (c), a reduction in the defendents term of imprisonment is authorized under 18 U.S.C. § 3582 (c)(2). Under section 3582 (c)(2) of Title 18, United States Code Provides:

" [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on it's own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

IMPOSITION OF A SENTENCE 18 U.S.C. § 3553(a) FACTORS.

3553(a), Factors to be considered in imposing a sentence.

" The Court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in Paragraph 2 of this subsection. The Court in determining the particular sentence to be imposed shall consider,

(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(2) the need for the sentence imposed---

(A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.

(B) to afford adequate deterrence to criminal conduct.

(C) to protect the public from further crimes of the defendant.

(D) to provide the defendant with needed educational or vocational training, medical care or other treatment in the most effective manner.

(3) the kinds of sentences available

(4) the kinds of sentence and sentence range established for

In this Motion by the defendant, the guidelines at the time of the imposition of his sentence were **120 months** at sentencing on **APRIL 7, 2005** . On January 12th, 2005 the U.S. Supreme Court in United States vs Booker, 543 U.S. 220 ( 2005 ) found the application of the United States Sentencing Guidelines as mandatory

were unconstitutional and by remedial opinion made them advisory in their application. In this case the movant asks the District Court in it's discretion grant his motion to reduce his sentence, but in imposing his sentence use the advisory guideline ranges in sentencing him to a sentence lower than that called for by the two point reduction. In cases under § 3582(c)(2), the original sentence may represent a downward departure. Under Application U.S.S.G. 4A1.2(A), it reads " Under subsection (b), the amended guideline range and the term of imprisonment already served by the defendent limit the extent to which an eligible defendent=s sentence may be reduced under 18 U.S.C. § 3582(c)(2). When the original sentence represents a downward departure, a comparable reduction below the amended guideline range may be appropriate; however, in no case shall the term if imprisonment be reduced below time served. Subject to these limitations, the sentencing court has discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.

18 U.S.C. § 3582(c)(2) APPLICABLE TO BOOKER ADVISORY SCHEME.

The United States Court of Appeals for the Ninth Circuit ruled in United States vs Hicks, 472 F.3d 1167 (1/11/2007) ( 9th Cir. 2007 ), that the advisory guidelines and not the mandatory scheme are to be applied in re-sentencing of defendant of which the District Court, in it's discretion, grants a reduction under § 3582(c)(2) due to retroactive amendment. The Ninth Circuit found that in no context did the mandatory guidelines survive Booker's constitutional ruling and that the District court could infact lower the sentence to the mandatory minimum or below if the safety valve applies. In all cases, the ruling in Booker applies to all 18 U.S.C. § 3582(c)(2) proceedings.

BACKGROUND OF CASE AND APPLICABLE LAW, RETROACTIVITY OF AMENDMENS 9 & 12.

The movant was charged in the United States District Court of Rhode Island and appeared before the Honorable William E. Smith, United States District Court Judge, in violation of 18 U.S.C. §922(g)(1) Felon in possession of a firearm, count (1).

The movant moves this Honorable Court to move and act on the authority handed down in the United States Sentencing Commissions application of Amendment 12, "related cases", section 4A1.2(c)(1)(a) 4A1.2(c)(1) sentences that did not exceed one year (1) or more in punishment. The movant moves this Honorable Court which lacked the authority before this amendment 12 application, to revisit his sentence and apply this ruling set forth in this amendment, which will correct, amend, the movant criminal history calculation. The movant moves this Honorable Court to look at the presentencing report (P.S.I.) prepared by the United States Probation Office, at his criminal history which the movant received points for a prior conviction, which is no longer counted because the total term of punishment did not in fact exceed one year(1) or more in punishment. The movant moves this Honorable Court to look at, had this amendment been in place at the time the movant's presentencing report (P.S.I.) was being calculated, the movants term of imprisonment would have been lower. The movant's criminal history would reflect this change, and show the correct catagory of which applies to the movant. The movant moves this Honorable Court to order a new presentencing report, which it has the authority in the application of this new amendment 12 which applies to the movant, and that this Honorable Court will set aside, amend, correct, and resentence the movant, applying the rulings, handed down, in the rulings set forth in the United States -vs- Booker, and Gall -vs- United States, where it was ruled that the courts now have the authority to correct and sentence him according to the guidelines that are now considered advisory and not mandatory, even in the language.

The movant moves this Honorable Court to act, and move, on the authority

handed down in Hicks -vs- United States, where the ruling, set forth, by the United States Supreme Court, that a 3582(c)(2) motion in the case of the defendent, who is being sentenced, has the right to be sentenced beneath the guidelines at the courts discretion after taking into consideration, all factors set forth in 3553(a). United States -vs- Hicks 472 F.3d 1167 (9th cir. 2007) also to apply the rulings set forth in United States -vs- Hardeman 933 F.2d 278, 281 (5 cir. 1991) common sense approach where it ruled, certain minor sentences should not have counted in a defendents criminal history calculation should represent what is serious or not. The movant's appeal to this Honorable Court, is that the points he received in the courts calculation of this prior sentence, gave him more time than the term of sentencing, the movant received from the courts. The movant has enclosed an exhibit showing the disposition of this said prior, and moves this Honorable Court for mercy in its decision to revisit his sentence. The movant is in no way asking to avoid the responsibilities for his wrongs, but only ask this court for a sentence, fair and just. The movant moves this Honorable Court to apply the factors set forth in 3553(a) in its resentencing of the movant. The movant is pro-se before this Honorable Court, and is unable to afford his own counsel, and respectfully moves this Honorable Court to appoint him counsel to represent this 3582 motion. The movant concludes by asking this Honorable Court for mercy, and to consider, had this amendment 12, which lowers his criminal history calculation, been in place at the time of his sentencing, his time would have been lower. The movant moves this Honorable Court to grant this motion on behalf of the movant.

THE DISTRICT COURT IS PERMITTED TO CONSOLIDATE PETITIONER'S "RELATED CASES" AND POINTS OF HIS CRIMINAL HISTORY CATEGORY, AS AMENDED BY SENTENCING COMMISSION'S REDEFINITION OF "RELATED CASES" ACCORDING TO §4A1.2(b)(1)(A).

9. Sentencing Court imposed a criminal history score of 10 , originally calculated by PSI and placing him in Criminal History category for convictions scored under §4A1.2(b)(1)(A). Petitioner request, that sentencing court order PSI to recalculate his criminal history convictions according to §4A1.2(A). For, the definitions of related cases used in §4A1.2(A), cmt.n.3 has changed which effected many of Petitioner's offenses that was scored consecutively to each other in the criminal history category.

10. Effective November 1, 2007, sentencing commission, under §4A1.2(A) redefined related cases, the commission stated in pertinent part;

> " ...Multiple sentences can be considered related offenses and are counted as one offense if the offenses were consolidated for sentencing, which, at least in many states, never occurs, eventhough case were arraigned, pleaded, sentenced (to concurrent time) on the same day. under the proposed amendment, multiple sentences are still counted seperately if there is an intervening arrest. However, they are counted as a single sentence (i.e. once, not twice)if there are no intervening arrest AND either (1) the offense were in the same charging instrument OR (2)sentences were imposed on the same day. This is a major beneficial change. It will result in many cases of defendants recieving only 3 criminal history points for two sentences on the same day, rather than 3 plus another 3..." Id. §4A1.2(A),CMT.N.3.

Petitioner submit, he qualify and request a new calculation of his criminal history score and category based on sentencing commission's

amendment 4A1.2(A), new definition(s) of "related cases". In kind, petitioner's criminal history score was previously calculated and determined to be 10 points and designated criminal history catagory V , [Under the mandatory guidelines according to § 4A1.2(A)]. Id. Exhbit's 1, and 2.

Petitioner submit, according to sentencing commission's amendment of § 4A1.2(A), cmt. n. 3, redefining "related cases" establishes a new criminal history calculation and score in his case. The realignment of petitioner's related cases, lowers his criminal history points to a total of 8 .

Petitioner contends, he was sentenced under mandatory sentencing guidelines at the time the above related cases was calculated as separate offenses, given a criminal history point score of 2 for each offense, with a total criminal history score for these offenses of 0 . Currently, according to 4A1.2(A) amendment, Petitioner's related offenses meets the criterion of the amendment.

Under Application Note 2 of the U.S.S.G. § 4A1.2(A), it states that in determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guidelines provision that were applied when the defendent was sentenced. All the other guidelines applications remain unaffected. Under Booker, 543 U.S. 220 ( U.S. S.Ct. 2005 ), the Honorable Court may reduce the defendent's sentence further as the guideline and policy statements are not mandatory, but advisory in nature, even under § 3582(c)(2).

The Honorable Court in this action may reduce the defendent's sentence based upon post-conviction rehabilitation while incarcerated or any other factors listed in 18 U.S.C. § 3553(a) in imposing the sentence, but may not reduce it under time served, nor may the court reduce the sentence below the madatory guidelines, if applicable. Under Hicks vs United States, 472 F.3d 1167 ( 1/11/2007 ) ( 9th Cir. 2007 ), in a published opinion made it clear that § 3582(c)(2) did not survive Booker's holding.

EDUCATIONAL CLASSES/ POST CONVICTION REHABILITATION

SEE ATTACHED SHEET

FAMILY TIES/ JOB OPPORTUNITIES UPON RE-ENTERING SOCIETY

Upon release the movant will residing in Tampa, Florida with a girlfriend that he has plans on marrying. The address: 8319 Bahia Ave., Tampa, Florida. The Movant has a job wiating for him as soon as he is released. The movant will abide by all laws, and stipulation of his probation/parole.

RELIEF FROM CUSTODY OF ORIGINAL SENTENCING UNDER § 3582(c)(2)

The movant in this action upon § 3582(c)(2) ask that this Honorable Court in it's discretion under applicable law and the Sentencing Commissions retroactive application of the November 1st, 2007, Amendment No.12 in it's lowering of the **Criminal history score** in his case, in consideration of all facts and in consistency with the policy statements and Booker's rule of law making the guidelines advisory in nature ask for immediate release as to time served as to his sentence or in the alternative to the mandatory minimum unless the safety valve applies to his case, or other relief as just warranted in the Court's discretion in this matter as law provides.

Respectfully Submitted this

______________________

______________________

PETER SILVER #

WHEREFORE, the movant in this matter ask for relief from his sentence under the applicable statute, § 3582(c)(2) due to the Amendment No. 12, which became law on November 1st, 2007, lowering the criminal history calculations for defendents.

Respectfully Submitted this

______________________________

PETER SILVER #
FCI-HI BENNETTSVILLE
P.O. BOX
BENNETTSVILLE, S.C. 29512

CERTIFICATE OF SERVICE IN CASE

I, PETER SILVER, do hereby certify that I have placed an exact copy of the foregoing motion to the below respondents for the United States Attorney's Office as to this Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2), first-class mail service, postage prepaid, U.S. Mail, via institutional mail service at

________________________________________

MAILING DATE OF MOTION UNDER § 3582(c)(2)

BELOW RESPONDENTS

United States Attorney's Office

____________________________

____________________________

____________________________

____________________________

PETER SILVER #
FCI Med-hi BENNETTSVILLE
P.O. Box 52020
BENNETTSVILLE, S.C. 29512

EXHIBIT A

Count 1: Simple Assault/Domestic
Count 2: Malicious Destruction of Property, Providence County Superior Court,
Providence, Rhode Island CP3/00-2429A

05/22/01: Count 1: No 1 year full sentence, 2 month term to serve, 10 months suspended for 10 months probation 4A1.1(b) 2
Count 2: Dismissed under rule 48A

amendment 4A1.2(A), new definition(s) of "related cases". In kind, Petitioner's criminal history score was previously calculated and determined to be 12 points and designated criminal history catagory IV. [Under the mandatory guidelines according to § 4A1.2(A)]. Id. Exhibit-2, Pg 4, P. 2.

Petitioner submit, according to sentencing commission's amendment of § 4A1.2(A), cmt. n. 3, redefining "related cases" establishes a new criminal history calculation and score in his case. The realignment of petitioner's related cases, lowers his criminal history points to a total of 7. More specifically, Petitioner submits the following related cases that qualifies for §4A1.2(A) consolidatation;

BEN5X * INMATE EDUCATION DATA * 04-25-2008
PAGE 001 OF 001 * TRANSCRIPT * 08:03:44

REGISTER NO: 05284-070 NAME..: SILVER FUNC: PRT
FORMAT.....: TRANSCRIPT RSP OF: BEN-BENNETTSVILLE FCI

------------------------------ EDUCATION INFORMATION ------------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| BEN | ESL HAS | ENGLISH PROFICIENT | 06-27-2005 1346 | CURRENT |
| BEN | GED EN | ENROLL GED NON-PROMOTABLE | 06-27-2005 1346 | CURRENT |

------------------------------ EDUCATION COURSES ------------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| BEN | GED COMPUTER LAB 2-3:30 | 02-26-2008 | CURRENT | | | | |
| BEN | BASIC CASE LAW MON 12:00 | 01-31-2008 | CURRENT | | | | |
| BEN | BASIC SPANISH WEDS 1:00 | 01-31-2008 | CURRENT | | | | |
| BEN | RPP MEN'S HEALTH(1) | 01-22-2008 | 01-22-2008 | P | C | P | 1 |
| COP | PREGED ROOM3,0930-1100 M-F | 05-08-2007 | 09-28-2007 | P | W | I | 54 |
| COP | ABDOMINAL WORKOUT CLASS | 04-23-2007 | 07-10-2007 | P | C | P | 1 |
| COP | BASKTBALLRULE L,6-7EW,REC/RUSH | 12-13-2006 | 12-13-2006 | P | C | P | 1 |
| COP | RPP5 RELEASE REQUIREMENT CLASS | 06-30-2006 | 06-30-2006 | P | C | P | 1 |
| LEW CODE | READING CLASS M-F 2:00-3:30 | 08-01-2005 | 02-27-2006 | P | W | I | 126 |
| LEW | WAITING LIST FOR READING CLASS | 07-28-2005 | 08-01-2005 | C | W | I | 0 |

------------------------------ HIGH TEST SCORES ------------------------------

| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|---|---|---|---|---|---|---|
| ABLE | LANGUAGE | 3.8 | 07-20-2005 | LEW | F | |
| | NUMBER OPR | 5.1 | 07-20-2005 | LEW | F | |
| | PROB SOLV | 0.0 | 07-20-2005 | LEW | F | |
| | READ COMP | 13.0 | 07-20-2005 | LEW | F | |
| | SPELLING | 5.3 | 07-20-2005 | LEW | F | |
| | VOCABULARY | 10.1 | 07-20-2005 | LEW | F | |

G0000 TRANSACTION SUCCESSFULLY COMPLETED