**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR-03-21S** |
| | : | |
| | : | |
| **PETER SILVER** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S "MOTION TO REDUCED IMPOSED SENTENCE"**

The defendant, convicted in 2005 of being a felon in possession of a firearm and sentenced by this Court to 120 months imprisonment, now claims that his criminal history points should be recalculated and his sentence correspondingly reduced based on what he refers to as "November 1st 2007 Retroactive Amendment 12" and "Booker vs Booker, 543 U.S. 220 (S. Ct. 2007)." In all candor, the government has had difficulty understanding the defendant's arguments. In any event, under no theory is he entitled to a reduction in sentence.

Defendant's argument for a sentence reduction is based on purported changes to U.S.S.G. §4A1.2, entitled "Definitions and Instructions for Computing Criminal History." Defendant claims that effective November 1, 2007, this Guideline was amended and such amendment made retroactive pursuant to "Amendments 9 and 12." Defendant's Memorandum, p. 4. The defendant claims that under these amendments, the Commission has redefined what the

term "related cases" means, that such redefinition benefits him with respect to his criminal history point calculation, and that he should reap that benefit retroactively.

Amendments to the Sentencing Guidelines are contained in Appendix C to the Guidelines. A black volume entitled "Supplement to Appendix C" and containing "Amendments to the Guidelines Manual effective November 1, 2004, through November 1, 2007" contains neither an "Amendment 9" nor an "Amendment 12". There is an Amendment 709, effective November 1, 2007, which pertains to §4A1.2.[1] The problem for the defendant, however, is that Amendment 709 does not contain the language he points to in support of his claim for relief. For example, on page five of his memorandum, the defendant includes a lengthy quote about related sentences and cites "§4A1.2(A), CMT.N.3." The government interprets this citation to be a citation to Application Note 3 to §4A1.2. Yet the language quoted by the defendant does not appear in Amendment 709. Indeed, Amendment 709 strikes Note 3, entitled "Related Cases", and replaces it with a new Note 3 entitled "Upward Departure Provision." Nor does the language relied on by the defendant appear in the blue Guidelines Manual, effective November 1, 2007, which incorporates Amendment 709. As far as the government can tell,

[1] There is no Amendment 712.

the "amendment" the defendant relies on for relief simply does not exist. Similarly, the defendant attaches as Exhibit A a summary of a sentence imposed on him in 2001 for malicious destruction of property, for which he was assigned two criminal history points. This is consistent with the Pre-Sentence Report. PSR, ¶29. The government is mystified, however, as to how the Guidelines as they exist at present would eliminate these two points from the defendant's criminal history score. There is nothing that the government can find in any amendment to §4A1.2 since the time of the defendant's original sentencing that would result in these two points not being included in the defendant's criminal history score.

Furthermore, even if Amendment 709 or some other amendment did contain the language on which the defendant relies, such language would be of no help to him, because neither Amendment 709 nor any other amendment to §4A1.2 has been made retroactively applicable. Title 18, United States Code, Section 3582(c)(2) is the avenue by which imprisoned defendants may seek reduced sentences based on newly amended Guidelines:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

> considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(emphasis added). The threshold issue for imprisoned defendants seeking to benefit from amended Guidelines, however, is whether the "applicable policy statements issued by the Sentencing Commission" made those reduced offense levels retroactive. Guideline Section 1B1.10 is the policy statement which governs whether amendments to the Guidelines apply retroactively.[2] For an amended Guideline to apply retroactively, it must be listed in subsection (c) of Section 1B1.10. United States v. Crudup, 375 F.3d 5, 9 (1st Cir. 2004); United States v. Gagot, 534 F.Supp.2d 212, 212-13 (D. Mass. 2008)(noting that U.S.S.G. §1B1.10(a) makes plain "that if a Guidelines amendment is not specifically listed as having retroactive effect in §1B1.10(c), reducing a defendant's term of imprisonment pursuant to that amendment does not comport with the Commission's policy statements and thus is not authorized by § 3582(c)(2)."). On December 11, 2007, the Commission issued a

[2]Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

revised version of §1B1.10. Exhibit A. Subsection (c) of Revised §1B1.10 does not include Amendment 709 (or for that matter any other amendment to §4A1.2) in the list of retroactively applicable amendments. Accordingly, even if Amendment 709 or another amendment to §4A1.2 resulted in a more favorable sentencing range for the defendant, it would be of no import, because neither Amendment 709 nor any other amendment to §4A1.2 has been made retroactive by the Sentencing Commission.

Defendant's reliance on Booker v. Washington, as well as another case he cites, the Ninth Circuit's decision in United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), is misplaced. It may well be true that in Hicks, the Ninth Circuit held that Booker applies to sentencing hearings conducted pursuant to Section 3582(c)(2). The problem for the defendant is that, even assuming that Hicks were the law in this circuit,[3] he is not entitled to a Section 3582(c)(2) sentencing proceeding, because,

[3] Although the issue need not be decided here, it is worth noting that the Ninth Circuit is the only Court of Appeals that has held that Booker applies to re-sentencings under Section 3582. Several other courts, including one in this Circuit, have held otherwise. E.g., United States v. Julien, 2008 WL 1933340 *2 (D. Me. 2008); United States v. Cruz, 2008 WL 539216, **3-5 (E.D.N.Y. 2008). Furthermore, although the defendant has not attempted to file a petition for relief under 28 U.S.C. §2255, Booker would be of no help to him in that context either, given that it is well-settled in this Circuit and elsewhere that for purposes of collateral proceedings, Booker does not apply retroactively. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2004)("Every other circuit that has considered the issue has agreed that Booker does not apply retroactively")(citing cases).

as already noted, there have been no amendments to §4A1.2 that apply retroactively,

At bottom, the defendant has been sentenced, and there is no available procedural mechanism (nor for that matter substantive reason) for reducing that sentence. The defendant's motion should therefore be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: May 8, 2008

Certificate of Service

I hereby certify that on the 8th day of May, 2008, I caused a copy of the within "Government's Opposition To The Defendant's Motion To Reduce Sentence" to be served by first class mail to the address listed on the defendant's motion: "PETER SILVER #, FCI Med-hi Bennettsville, P.O. Box 52020, Bennettsville, SC 29512."

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

**This compilation contains the unofficial text of the two amendments to policy statement §1B1.10 [Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)] promulgated by the Commission on December 11, 2007. This reader-friendly text combines the text of the two amendments and shows §1B1.10 as it will appear in a forthcoming supplement to the Guidelines Manual. Official text of the amendments will be posted on the Commission's website at www.ussc.gov and can be found in a forthcoming edition of the Federal Register.**

**The amendments incorporated into the reader-friendly version of §1B1.10 below do not take effect until March 3, 2008. Until that date, the court should apply §1B1.10 as it exists in the Guidelines Manual effective November 1, 2007.**

**§1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

(a) Authority.—

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) Determination of Reduction in Term of Imprisonment.—

(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) Limitations and Prohibition on Extent of Reduction.—

(A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).

(B) Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

(C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

*Commentary*

*Application Notes:*

*1. Application of Subsection (a).—*

*(A) Eligibility.—Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

*(B) Factors for Consideration.—*

*(i) In General.—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).*

(ii) *Public Safety Consideration.—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).*

(iii) *Post-Sentencing Conduct.—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).*

2. *Application of Subsection (b)(1).—In determining the amended guideline range under subsection (b)(1), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.*

3. *Application of Subsection (b)(2).—Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1). For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.*

*If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate. For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.*

*In no case, however, shall the term of imprisonment be reduced below time served. Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.*

4. *Supervised Release.—*

(A) *Exclusion Relating to Revocation.—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.*

(B) *Modification Relating to Early Termination.—If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).*

*Background: Section 3582(c)(2) of Title 18, United States Code, provides: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."*

*This policy statement provides guidance and limitations for a court when considering a motion under 18 U.S.C. § 3582(c)(2) and implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."*

*Among the factors considered by the Commission in selecting the amendments included in subsection (c) were the purpose of the amendment, the magnitude of the change in the guideline range made by the amendment, and the difficulty of applying the amendment retroactively to determine an amended guideline range under subsection (b)(1).*

*The listing of an amendment in subsection (c) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.*

*The Commission has not included in this policy statement amendments that generally reduce the maximum of the guideline range by less than six months. This criterion is in accord with the legislative history of 28 U.S.C. § 994(u) (formerly § 994(t)), which states: "It should be noted that the Committee does not expect that the Commission will recommend adjusting existing sentences under the provision when guidelines are simply refined in a way that might cause isolated instances of existing sentences falling above the old guidelines* or when there is only a minor downward adjustment in the guidelines. The Committee does not believe the courts should be burdened with adjustments in these cases." S. Rep. 225, 98th Cong., 1st Sess. 180 (1983).*

*So in original. Probably should be "to fall above the amended guidelines".